IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAWN GREGORY BARNARD,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN DOUGLAS FENDER,<br><br>    Respondent. | CASE NO. 1:20-CV-00944-JJH<br><br>JUDGE JEFFREY J. HELMICK<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**REPORT AND RECOMMENDATION** |

On May 1, 2020, Petitioner Shawn Gregory Barnard, a prisoner in state custody, filed a *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF #1). On October 8, 2020, Respondent Douglas Fender, in his official capacity as Warden of the Lake Erie Correctional Institution,[1] filed a Return of Writ. (ECF #7). Mr. Barnard filed a Traverse (ECF #8) and the Warden filed a Reply. (ECF# 9).

The District Court has jurisdiction over the petition under § 2254(a). On August 24, 2020, pursuant to Local Civil Rule 72.2, this matter was referred to a Magistrate Judge for preparation of a Report and Recommendation. (Non-document entry of Aug. 24, 2020). On May 26, 2021, the

---

[1]   As of the date of this Report and Recommendation, Mr. Barnard is currently being held at Grafton Correctional Institution. Ohio Department of Rehabilitation and Correction's website identifies Keith Foley as that facility's current Warden. https://drc.ohio.gov/about/facilities/grafton-correctional (last accessed June 28, 2023). For the sake of convenience, in the balance of this Report and Recommendation, I refer to Respondent as "the State."

matter was reassigned to me pursuant to General Order 2021-06. (Non-document entry of May 26, 2021).

For the reasons discussed below, I recommend the Petition be **DISMISSED**. I further recommend Mr. Barnard not be granted a certificate of appealability.

PROCEDURAL HISTORY

**A.     Case No. 2016 CR 126**

On March 2, 2016, an Ashtabula County Grand Jury issued a multi-count indictment charging Mr. Barnard with the following offenses:

- Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a first-degree felony in violation of Ohio Rev. Code §§ 2925.04(A) and (C)(3)(b);

- Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a second-degree felony in violation of Ohio Rev. Code §§ 2925.041(A) and (C)(2);

- Aggravated Possession of Drugs, a second-degree felony in violation of Ohio Rev. Code §§ 2925.11(A) and (C)(1)(c);

- Endangering Children, a third-degree felony in violation of Ohio Rev. Code §§ 2919.22(B)(6) and (E)(3)(a); and

- Possessing Criminal Tools, a fifth-degree felony in violation of Ohio Rev. Code § 2923.24(A).

(ECF #7-1 at PageID 102). The indictment alleged offense conduct occurring on December 21, 2015 and involved Mr. Barnard producing methamphetamine near a child. (*Id.* at PageID 103-04).

Under a negotiated, written plea agreement, the State amended the Illegal Manufacture of Drugs charge to a second-degree felony "by removing language 'committed in the vicinity of a juvenile . . .'" and dismissed the remaining charges. (*Id.* at PageID 115-17). On September 26, 2016, Mr. Barnard, his counsel, and an Assistant Prosecutor signed the plea agreement. (*Id.* at

2

PageID 116). The parties jointly recommended a mandatory eight-year prison sentence, which the court accepted and ordered served consecutively with his additional sentences. (*Id.* at PageID 117-21).

**B.     Case No. 2016 CR 218**

On April 7, 2016, an Ashtabula County Grand Jury indicted Mr. Barnard on one count of Aggravated Trafficking in Drugs, a fourth-degree felony in violation of Ohio Rev. Code §§ 2925.03(A)(1) and (C)(1)(a). (*Id.* at PageID 124-25). The indictment alleged on October 21, 2015, Mr. Barnard sold or attempted to sell 0.24 grams of methamphetamine. (*Id.* at PageID 125).

Under a negotiated, written plea agreement, Mr. Barnard pled guilty to this charge, for which the parties stipulated a 12-month sentence to run concurrently with his other sentences. (*Id.* at PageID 137). On September 26, 2016, Mr. Barnard, his counsel, and an Assistant Prosecutor signed the plea agreement. (*Id.* at PageID 138). Consistent with the joint recommendation, on September 28, 2016, the trial court sentenced Mr. Barnard to 12 months in prison concurrent to his other sentences. (*Id.* at PageID 140).

**C.     Case No. 2016 CR 224**

On June 8, 2016, an Ashtabula County Grand Jury issued a multi-count indictment charging Mr. Barnard with the following offenses:

- Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a second-degree felony in violation of Ohio Rev. Code §§ 2925.04(A) and (C)(3)(a);

- Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a third-degree felony Ohio Rev. Code §§ 2925.041(A)(C)(1);

- Aggravated Possession of Drugs, a third-degree felony in violation of Ohio Rev. Code §§ 2925.11(A)(C)(1)(b); and

3

- Tampering with Evidence, a third-degree felony in violation of Ohio Rev. Code §§ 2921.12(A)(1).

(*Id.* at PageID 146-48). According to the indictment, the alleged conduct occurred on March 11, 2016 and involved the production of methamphetamine and the attempted disposal of lithium, used to make methamphetamine, in the course of investigation. (*Id.* at PageID 147-48).

Under a negotiated, written plea agreement, Mr. Barnard pled guilty to the Illegal Manufacture of Drugs charge in exchange for the State dismissing the remaining charges. (*Id.* at PageID 177). The parties stipulated to a seven-year prison sentence to be served consecutively to his other sentences. (*Id.*). On September 26, 2016, Mr. Barnard, his counsel, and an Assistant Prosecutor signed the plea agreement. (*Id.* at PageID 178). On September 28, the court accepted the plea, and, consistent with the joint recommendation, sentenced Mr. Barnard to seven years in prison consecutive to his other sentences. (*Id.* at PageID 180).

### D.     Case No. 2016 CR 225

On May 11, 2016, an Ashtabula County Grand Jury indicted Mr. Barnard on one count of Complicity to Commit Interference With Custody, a fourth-degree felony in violation of Ohio Rev. Code §§ 2923.03(A)(1)(D)(2) and 2919.23(A)(2). (*Id.* at PageID 187). The indictment asserted the alleged conduct took place December 21, 2015. (*Id.*).

Under a negotiated, written plea agreement, Mr. Barnard pled guilty to the charge in exchange for a stipulated 18-month sentence to run concurrently with his other sentences. (*Id.* at PageID 199). On September 26, 2016, Mr. Barnard, his counsel, and an Assistant Prosecutor signed the plea agreement. (*Id.* at PageID 200). On September 28, 2016, consistent with the joint recommendation, the trial court accepted the plea and sentenced Mr. Barnard to 18 months in prison concurrent to his other prison sentences. (*Id.* at PageID 202-03).

### E.     Plea Agreements

All four of the signed plea agreements included the following language:

I, SHAWN GREGORY BARNARD, the Defendant in the above captioned case, hereby state that my counsel has explained to me the facts and circumstances surrounding my plea, and has informed me of the charge(s) against me and the penalty provided by law for such charge(s).

Prior to signing this written plea of "Guilty", my attorney explained to me that I have the following constitutional rights which I would waive by pleading "Guilty."

I understand that this plea means I give up my right:

To a jury trial or court trial;
To question or have my attorney question witnesses against me;
To use the power of the court to call witnesses;
At a trial I have the right not to take the witness stand and have no one comment if I decide not to testify;
At a trial the State would be required to prove my guilt beyond a reasonable doubt on every element of the offense;
If I were convicted at trial I would have the right to appeal.

I hereby state that I understand these rights and privileges and the possible consequences of a "Guilty" plea. I hereby waive and reject all of these rights. I am voluntarily pleading "Guilty" of my own free will. I understand that this written plea of "Guilty" constitutes an admission which may be used against me at a later trial. By pleading "Guilty" I admit committing the offense and will tell the judge the facts and circumstances of my guilt.

I am not under the influence of drugs or alcohol and I have not taken any drugs or alcohol in a 48 hour period preceding the hearing. No threats have been made to me. No promises other than those which are part of this plea agreement have been made.

My attorney has explained my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgment of my sentence.

(*Id.* at PageID 114, 136, 176, 198).

F.        **Consolidated Resentencing**

On October 6, 2016, the trial court held a resentencing hearing at the request of defense counsel to alter the structure of the stipulated aggregate 15-year prison sentence. (*Id.* at PageID 207). The trial court resentenced Mr. Barnard to six years in prison in Case No. 2016 CR 126, 18 consecutive months in prison in Case No. 2016 CR 218, six consecutive years in prison in Case No. 2016 CR 224, and 18 consecutive months in prison in Case No. 2016 CR 225, resulting in an aggregate 15-year prison sentence. (*Id.* at 209). The trial court journalized the resentencing order on October 7, 2016. (*Id.* at 207).

F.        **Consolidated Delayed Direct Appeal**

On February 10, 2017, Mr. Barnard filed untimely *pro se* Notices of Appeal in his four criminal cases (*Id.* at PageID 234-36) and *pro se* motions for leave to file delayed appeals (*Id.* at PageID 281-311). The State filed responses in opposition (*Id.* at PageID 313-28), but the Eleventh District Court of Appeals granted Mr. Barnard leave to file delayed appeals and consolidated his four cases. (*Id.* at PageID 330-31). Mr. Barnard filed a motion to appoint appellate counsel (*Id.* at PageID 332), which the court granted. (*Id.* at PageID 336).

Subsequently, Mr. Barnard's appointed appellate counsel filed a motion for leave to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738 (1967) (*Id.* at PageID 337-42) and a supplemental motion for leave to withdraw from representation on the basis that the appeal was wholly frivolous. (*Id.* at PageID 343-47). Mr. Barnard's appellate attorney identified the following potential errors:

1.        Trial court did not advise Mr. Barnard of his "fundamental right" to testify at his criminal trial.

2.     The trial court erred in denying Mr. Barnard's motion to suppress/motion to dismiss.

3.     Trial counsel was arguably ineffective by not having Mr. Barnard preserve the suppression issue by pleading no contest to the charge in Case No. 2016 CR 00224.

4.     The trial court's calculation of jail time credit was erroneous.

(*Id.*). Counsel further opined that the potential errors were not supported by the trial court record.

(*Id.*).

The court notified Mr. Barnard that an *Anders* brief had been filed (*Id.* at 348-49) and Mr.

Barnard thereafter filed a *pro se* Appellant's Brief raising a single claim:

Trial Counsel Provided Ineffective Assistance of Counsel in Violation of the Sixth Amendment to the United States Constitution by failing to file a motion to dismiss the indictment in case number 16 CR 224 for a violation of Appellant's state statutory and federal speedy trial rights, rendering Appellant's plea unknowing, unintelligent, and involuntary.

(*Id.* at PageID 350).

The State did not file a written response, and on February 26, 2018, the Eleventh District

dismissed Mr. Barnard's appeal as frivolous and affirmed Mr. Barnard's convictions and sentences.

(*Id.* at PageID 355-62; *see also State v. Barnard*, Nos. 2017-A-0009, 2017-A-0010, 2017-A-0011, 2017-

A-0012, 2018 WL 1116097 (Ohio Ct. App. Feb. 26, 2018)). Mr. Barnard did not timely file an

appeal in the Ohio Supreme Court and his filing deadline expired April 12, 2018. *See* Ohio S. Ct.

Prac. R. 7.01(A)(1)(a)(i); 3.03(A)(1).

### G.     Post-Conviction Relief

On June 11, 2018, Mr. Barnard filed a *pro se* petition to vacate or set aside judgment of

conviction or sentence in his four criminal cases, claiming the following:

1.     Petitioner's right to Due Process and Equal Protection of the Law guaranteed under the 5th and 14th Amendment to the United States

7

Constitution were violated when the Ashtabula County Prosecutor Nicholas Iarocci failed to recuse his office from the case due to a conflict of interest and prior relationship of attorney-client.

2.      Petitioner's conviction and sentence is void or voidable because Petitioner was denied his constitutional right to effective assistance of counsel as defense counsel failed to fulfill his adversarial duty to the State's case during both the plea negotiation process and preparation for trial stages.

(*Id.* at PageID 368, 371). The State filed a motion to dismiss the petition (*Id.* at PageID 393-98), which the court granted on June 22, 2018 and dismissed Mr. Barnard's petition based on res judicata (*Id.* at PageID 399-402). One week later, Mr. Barnard filed a reply to the State's motion to dismiss. (*Id.* at PageID 403-09).

On July 13, 2018, Mr. Barnard filed timely *pro se* appeal notices in his four criminal cases. (*Id.* at PageID 411-46). The Eleventh District later consolidated Mr. Barnard's four appeals (*Id.* at PageID 477), and Mr. Barnard raised the following claims on collateral appeal:

1.      The trial court abused its discretion in its application of the doctrine of res judicata to Barnard's timely filed petition for post-conviction relief pursuant to O.R.C. § 2953.21 thus violating Barnard's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 1 and 14 of the Ohio Constitution.

2.      The trial court erred in denying Barnard's post-conviction relief petition where he presented sufficient evidence dehors the record to merit an evidentiary hearing.

(*Id.* at PageID 448) (cleaned up). The State filed an Appellee's Brief (*Id.* at PageID 468-80), and Mr. Barnard filed a Reply Brief. (*Id.* at PageID 481-91). On June 10, 2019, the Eleventh District affirmed the trial court's dismissal of Mr. Barnard's post-conviction relief petition. (*Id.* at PageID 493; *see also State v. Barnard*, Nos. 2018-A-0055, 2018-A-0056, 2018-A-0057, 2018-A-0058, 2019 WL 2419407 (Ohio Ct. App. June 10, 2019), *appeal not allowed*, 131 N.E.3d 77 (Ohio 2019) (table)).

8

On July 8, 2019, Mr. Barnard timely filed a *pro se* Notice of Appeal in the Supreme Court of Ohio (*Id.* at PageID 501) and raised the following Propositions of Law in his jurisdictional memorandum:

1. The trial court abused its discretion in its application of the doctrine of res judicata to Barnard's timely filed petition for post-conviction relief pursuant to O.R.C. §2953.21 thus violating Barnard's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 1 and 14 of the Ohio Constitution.

2. The trial court erred in denying Barnard's post-conviction relief petition where he presented sufficient evidence dehors the record to merit an evidentiary hearing.

(*Id.* at PageID 503) (cleaned up). The State waived filing a memorandum in response (*Id.* at PageID 527), and on September 17, 2019, the Supreme Court of Ohio declined to accept jurisdiction of Mr. Barnard's appeal pursuant to Ohio S. Ct. Prac. R. 7.08(B)(4). (*Id.* at PageID 529; *see also State v. Barnard*, 131 N.E.3d 77 (Ohio 2019) (table)). Mr. Barnard did not timely file a petition for certiorari in the United States Supreme Court and his filing deadline expired on December 16, 2019. *See* Ohio S. Ct. Prac. R. 13.

## FEDERAL HABEAS CORPUS

Mr. Barnard filed this *pro se* petition on May 1, 2020 asserting the following grounds for relief:

**Ground One:** The trial court abused its discretion in its application of the doctrine of res judicata to Barnard's timely filed petition for post-conviction relief pursuant to O.R.C. § 2953.21, thus violating Barnard's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**Ground Two:** The trial court erred in denying Barnard's post-conviction relief petition where he presented sufficient evidence dehors the record to merit an evidentiary hearing.

(ECF #1 at PageID 5-7) (cleaned up). Mr. Barnard did not complete the "supporting facts" portion with respect to either ground. (*Id.*).

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Mr. Barnard's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA recognizes that "[s]tate courts are adequate forums for the vindication of federal rights" and therefore acts as a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). It "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted). Accordingly, an application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

Habeas courts review the last explained state-court judgment on the federal claim at issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). For purposes of § 2254(d)(1), clearly established federal law "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). It includes "the holdings, as opposed to dicta, of [Supreme Court] decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A state court decision is contrary to Supreme Court precedent if the state court arrives at a conclusion opposite that reached by the Court on a question of law or if the state court decides a case differently than the Court has decided on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405; *White v. Mitchell*, 431 F.3d 517, 523 (6th Cir. 2005), *cert. denied*, 549 U.S. 1047 (2006). The word "contrary" means "diametrically different, opposite in character or nature, or mutually opposed." *Williams*, 529 U.S. at 405. A state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent. *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state court decision involves an unreasonable application of the Court's precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the state prisoner's case, or if the state court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not be applied or unreasonably refuses to extend that principle in a new context where it should apply. *Williams*, 529 U.S. at 407. The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000), *cert. denied*, 531 U.S. 1089 (2001). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Under § 2254(d)(2), state court factual determinations stand unless they are objectively unreasonable in light of the evidence presented in state court. *Harrington*, 562 U.S. at 100. The Supreme Court has repeatedly emphasized "a state court factual determination is not unreasonable

merely because the federal habeas court would have reached a different conclusion." *Burt*, 571 U.S. at 18.

Under federal law, "a determination of a factual issue made by a State court shall be presumed to be correct. [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2554(e)(1). Comity principles also require federal courts to defer to a state's judgment on issues of state substantive and procedural law. *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982). Federal courts must accept a state court's interpretation of its statutes and rules of practice. *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

The standard is intended to be difficult to meet and reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Harrington*, 562 U.S. at 102-03; *see also Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) (describing habeas as an "extraordinary remedy, reserved for only extreme malfunctions in the state criminal justice system and different in kind from providing relief on direct appeal") (cleaned up). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103.

When a properly presented federal constitutional claim was not adjudicated on the merits in the state courts, the reviewing federal court must apply the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

PROCEDURAL BARRIERS TO FEDERAL HABEAS REVIEW

Before a federal court may review a petitioner's habeas claims on the merits, the petitioner must overcome several procedural barriers. These barriers, including exhaustion of state remedies and procedural default, limit a petitioner's access to review on the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Put simply, federal courts may review federal claims that were evaluated on the merits by a state court. Claims there were not evaluated on the merits, either because they were never presented to the state courts (*i.e.*, they are unexhausted) or because they were not properly presented to the state courts (*i.e.*, they are procedurally defaulted), are generally not cognizable on federal habeas review. *Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio Feb. 4, 2004).

**Exhaustion of Available State Court Remedies**. A court may not grant a petition for habeas corpus unless it appears the petitioner has exhausted available state court remedies, state corrective process is unavailable, or circumstances exist rendering such state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). Typically, the exhaustion requirement is satisfied when the petitioner fairly presents all claims to the highest court in the state in where petitioner was convicted, giving the state a full and fair opportunity to rule on the petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A claim is fairly presented when both the factual and legal basis for the claim has been introduced to the state courts. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2000). A failure to exhaust applies only where state remedies remain "available at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). In contrast, where state court remedies are no longer available, procedural default (discussed more fully below), rather than exhaustion, applies. *Id.*

13

**Procedural Default**. Absent a petitioner demonstrating either cause and prejudice or that failure to review the claim would result in a fundamental miscarriage of justice (discussed below), a federal court will not consider the merits of procedurally defaulted claims. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

There are two avenues by which a petitioner's claim may be procedurally defaulted. *Id.* First, procedural default occurs if a petitioner "fails to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* To determine whether a petitioner's failure to comply with a state procedural rule bars review of his habeas claims, courts in the Sixth Circuit perform a four-pronged analysis: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a claim may be procedurally defaulted when the petitioner fails to raise it in state court and pursue it through the state's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848 (1991)); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). As addressed above, "[i]f, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.* Although the exhaustion requirement is satisfied because there are no

14

longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732

(1991), the petitioner's failure to have the federal claims considered in the state courts constitutes

a procedural default of those claims barring federal court review. *Williams,* 460 F.3d at 806; *Shinn*

*v. Ramirez,* 142 S. Ct. 1718 (2022) ("When [a state prisoner] has failed to [first present that claim to

the state court in accordance with state procedures], and the state court would dismiss the claim

on that basis, the claim is 'procedurally defaulted.'").

In Ohio, claims must be raised on direct appeal, if possible, or res judicata bars their

litigation in subsequent proceedings. *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 751

(6th Cir. 2013) (citing *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967)). Therefore, a petitioner is

not entitled to raise claims in post-conviction proceedings that could have been raised on direct

appeal. *Engle*, 456 U.S. at 125 n.28. Consequently, if an Ohio petitioner fails to raise a claim on

direct appeal that could have been raised at that time, the claim is procedurally defaulted. *Id.*

To overcome a procedural bar, a petitioner must show cause for the default and actual

prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider

the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749. Habeas

petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural

default; they must present affirmative evidence or argument as to the precise cause and prejudice

produced. *See Tinsley v. Million*, 399 F.3d 796, 806 (6th Cir. 2005) (citing *Northland Ins. Co. v.*

*Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) ("It is a settled appellate rule that issues

adverted to in a perfunctory manner, unaccompanied by some effort at a developed

argumentation, are deemed waived.") (quotation omitted)). A finding of cause and prejudice does

not entitle a petitioner to habeas relief; it only allows a federal court to consider the merits of a

claim that otherwise would have been procedurally defaulted. *See Martinez v. Ryan*, 566 U.S. 1, 10 (2012); *see also Coleman*, 501 U.S. at 750.

A showing of cause for the default requires more than the mere proffer of an excuse. Rather, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012). Furthermore, neither a petitioner's pro se status nor his ignorance of the law and procedural filing requirements are enough to establish cause to overcome procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Futility cannot constitute cause for the procedural default of a claim for failure to raise a claim on direct review if it means simply that a claim was "unacceptable to that particular court at that particular time." *Engle*, 456 U.S. at 130, n.35. Ineffective assistance of counsel may serve as cause to excuse a procedural default, but the ineffective assistance claim itself must not be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Attorney neglect, ignorance, or inadvertence, however, does not constitute cause to excuse a procedural default unless counsel's performance was constitutionally deficient under the test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Coleman*, 501 U.S. at 752-755; *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

To demonstrate prejudice sufficient to overcome procedural default, a petitioner must show more than mere errors in the state trial creating a possibility of prejudice; rather, the petitioner must show that the alleged errors worked to the petitioner's actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. There is no

prejudice where the petitioner does not show a reasonable probability of a different verdict. *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Alternatively, a petitioner may overcome procedural default by showing that a fundamental miscarriage of justice will occur if the claims are not considered. *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 495. A fundamental miscarriage of justice occurs in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96; *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A valid actual innocence claim must be supported by new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial that is so strong a court cannot have confidence in the outcome of the petitioner's trial. *Schlup*, 513 U.S. at 324. In other words, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

**State Law Claims Not Cognizable on Federal Habeas Review.** The District Court will not have jurisdiction over a petitioner's claims for purposes of habeas corpus review if the claims do not "challenge the legality of his custody" based on a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Indeed, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("A claim based solely on an error of state law is not redressable through the federal habeas process."). Moreover, merely asserting that a state law error violates the Federal Constitution is not sufficient

to justify jurisdiction. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("The Due Process Clause . . . safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness in a criminal trial.") (internal quotation omitted); *see also Engle*, 456 U.S. at 121 n.21 ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (internal citation omitted).

Nonetheless, habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process. *Williams*, 460 F.3d at 816. "[T]he category of infractions that violate fundamental fairness is defined very narrowly," and includes only state rulings that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007) (cleaned up). "A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see also Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (stating that a federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure). The habeas petitioner bears the burden of showing "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Bey*, 500 F.3d at 521.

DISCUSSION AND ANALYSIS

I.    **Both of Mr. Barnard's grounds for relief are non-cognizable.**

The State argues both of Mr. Barnard's claims for relief are non-cognizable. (ECF #7 at PageID 78). Because Mr. Barnard's grounds challenge his post-conviction relief proceedings, the State argues they are outside the scope of federal habeas review. (*Id.*) (citing *Cress v. Palmer*, 484

18

F.3d 844, 853 (6th Cir. 2007)). This is "because 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" (*Id.*) (quoting *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986)). Mr. Barnard's Traverse does not address the cognizability of his claims. (*See* ECF #8).

Challenges in post-conviction proceedings "address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Kirby*, 794 F.2d at 247. Consequently, the habeas writ "is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings . . . because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Id.*

In Ground One, Mr. Barnard challenges the state court's application of res judicata in his post-conviction proceedings as an abuse of discretion. (ECF #1 at PageID 5). In Ground Two, Mr. Barnard insists he was entitled to an evidentiary hearing in his post-conviction proceedings. (*Id.* at PageID 7). Both grounds challenge postconviction relief proceedings, which are strictly state law issues not cognizable in federal habeas relief. *Huffman v. Brunsman*, 650 F. Supp. 2d 725 (S.D. Ohio Nov. 14, 2008). The states have no constitutional obligation to provide post-conviction remedies and so habeas corpus cannot be used to challenge a state's post-conviction relief scheme. *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (citing *Kirby*, 794 F.2d at 246); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("States have no obligation to provide this avenue of relief . . . ."). Because post-conviction review is not constitutionally mandated, claims of a denial of due process and equal protection in collateral proceedings are not cognizable in federal habeas corpus. *Finley*, 481 U.S. 551 at 557.

I therefore recommend the District Court **DISMISS** Mr. Barnard's petition because both grounds are non-cognizable in habeas review.

## II. Mr. Barnard's grounds for relief are procedurally defaulted and he has presented no valid excuse for their default.

The State also argues both of Mr. Barnard's grounds are procedurally defaulted because he did not fairly present them to the state courts. (ECF #7 at PageID 79-90).

Mr. Barnard did not timely file an appeal to the Supreme Court of Ohio when the Eleventh District dismissed his appeal as frivolous and affirmed his convictions and sentences on direct appeal. His filing deadline to do so expired April 12, 2018. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i); 3.03(A)(1). Consequently, Mr. Barnard did not fairly present and properly exhaust any federal constitutional claims in the state courts. *See, e.g., Smith v. State of Ohio, Dep't of Rehab. & Corr.*, 463 F.3d 426, 432 (6th Cir. 2006) ("Therefore, Smith procedurally defaulted his double jeopardy and ineffective assistance claims by failing to file a timely notice of appeal to the Ohio Supreme Court.").

In his brief, Mr. Barnard asserts his actual innocence excuses the procedural default. (ECF #1-1 at PageID 21-22). But he offers no evidence of his actual innocence, nor does he make any developed argument as to why failure to consider his claims will result in a fundamental miscarriage of justice. A valid actual innocence claim must be supported by new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial that is so strong a court cannot have confidence in the outcome of the petitioner's trial. *Schlup*, 513 U.S. at 324. Mr. Barnard did not bring forth any new evidence of his actual innocence.

20

Mr. Barnard cannot rely on ineffective assistance of counsel to excuse his procedural default because his Sixth Amendment right to trial and appellate counsel claims are themselves procedurally defaulted. Again, Mr. Barnard did not timely file a direct appeal in the Ohio Supreme Court and he did not file an Ohio App. R. 26(B) application to reopen his direct appeal due to ineffective assistance of appellate counsel. *See Williams v. Bagley*, 380 F.3d 932, 971 (6th Cir. 2004) (citing *State v. Murnahan*, 584 N.E.2d 1204, 1208 (Ohio 1992)); *Wickline v. Mitchell*, 319 F.3d 813, 823 (6th Cir. 2003); *Monzo v. Edwards*, 281 F.3d 568, 576-77 (6th Cir. 2002); *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1097-98 (N.D. Ohio 2013); *Stojetz v. Ishee*, 389 F. Supp. 2d 858, 957 (S.D. Ohio 2005).

Mr. Barnard also cannot rely on ineffective assistance of counsel as cause for excuse because he had no right to counsel on discretionary appeal to the Supreme Court of Ohio; the constitutional right to appointed counsel extends to the first appeal of right and no further. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Tolliver v. Sheets*, 594 F.3d 900, 929 (6th Cir. 2010); *see also State v. Buell*, 639 N.E.2d 110 (Ohio 1994).

Therefore, I recommend the District Court **DISMISS** Mr. Barnard's petition as procedurally defaulted.

### III.   Both of Mr. Barnard's grounds for relief are meritless.

Even if Mr. Barnard's petition was not barred on procedural grounds, both grounds for relief are meritless and should be dismissed. The grounds are interrelated, and I therefore address them together.

Mr. Barnard's first ground asserts the trial court abused its discretion in its application of res judicata to Mr. Barnard's timely filed petition for post-conviction relief pursuant to Ohio Rev.

21

Code § 2953.21, thus violating his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.[2] (ECF #1 at PageID 5). The second ground argues that Ashtabula County Prosecuting Attorney Iarocci's conflict of interest (the issue subject to res judicata in Ground One) was evidence outside the record and therefore could not be raised on direct appeal and requires, at least, an evidentiary hearing. (*Id.* at PageID 7). Neither argument is persuasive in light of Mr. Barnard's guilty pleas.

A guilty plea is more than an admission of conduct – it is a conviction. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). When a guilty plea is entered in a state criminal trial, several federal constitutional rights are waived, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Id.* at 243. Waiver of these rights cannot be presumed by a silent record; however, state courts are capable of assuring the accused has a full understanding of what the guilty plea connotes and of its consequences. *Id.* at 243-44.

"[A] guilty plea admits all averments of fact in the indictment, cures all nonjurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts." *United States v. Patton*, 173 F.3d 857 (6th Cir. 1999) (table) (citing *Tollett v. Henderson*, 411 U.S. 258, 260-67 (1973)). "*Boykin* does not require separate enumeration of each right waived and separate waivers as to each." *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (internal quotation omitted). It is not necessary that the defendant consciously waive each potential defense relinquished by a guilty plea. *United States v. Broce*, 488 U.S. 563 (1989).

---

[2]     Mr. Barnard also argues his conviction violated the Ohio Constitution. (ECF #1-1 at PageID 23). Federal habeas corpus relief can be granted only for violation of the federal Constitution or laws of the United States. 28 U.S.C. § 2254; *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). I therefore do not address his state constitutional claims.

A prisoner who pled guilty at trial and later attempts to attack the sentence collaterally through federal habeas corpus is limited to raising only the issue of whether the guilty plea was made knowingly and voluntarily. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). A defendant who voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. By pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings. *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991).

The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Sparks*, 852 F.2d at 885. Voluntariness is based on a totality of the circumstances. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). When a federal habeas petitioner challenges his plea, the state generally satisfies its burden by producing a transcript of the plea proceeding. *Id.* A state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to demonstrate that the plea was voluntary, intelligent, and knowing. *Id.* at 326-27.

The plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant need only be aware of the direct consequences of the plea, but the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea. *Brown v. Perini*, 718 F.2d 784, 788-89 (6th Cir. 1983). That said, for the plea to be voluntary, the defendant must be aware of the maximum sentence that could be imposed. *King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994).

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "There is no requirement that in order to rely on a defendant's answers in a guilty-plea colloquy to conclude that the defendant pleaded guilty knowingly and voluntarily, those answers must be lengthy and all-encompassing; a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to its consequences." *United States v. Walker*, 160 F.3d 1078, 1096 (6th Cir. 1998).

In addition to the explained waiver of rights within each of the four separate plea agreements Mr. Barnard signed in the trial court, the Eleventh District directly addressed both of Mr. Barnard's grounds for relief as they relate to his guilty plea as follows:

{¶17} Barnard is correct that, "[g]enerally, the introduction in an R.C. 2953.21 petition of evidence *dehors* the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata*." *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982); *State v. Miller*, 11th Dist. Lake No. 2018-L-055, 2018-Ohio-5192, ¶ 18 (cases cited). Barnard's Petition, nevertheless, is barred by res judicata since Barnard could have raised the issue at the time he entered his guilty pleas.

{¶18} A "defendant who * * * voluntarily, knowingly, and intelligently enters a plea of guilty with assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea,'" including claims "that defense counsel provided constitutionally ineffective assistance." (Citation omitted.) *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 55 and 53; *State v. Yodice*, 11th Dist. Lake No. 2001-L-155, 2002-Ohio-7344, ¶ 27 ("[o]nce the trial court accepted the guilty plea, appellant waived any deprivation of his constitutional rights that occurred prior to the entry of the guilty plea").

{¶19} As explained by Ohio's Supreme Court:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the

24

guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [i.e., a defendant "must demonstrate gross error on the part of counsel when he recommended that the defendant plead guilty instead of going to trial.". . .

{¶20} In the present case, Barnard has acknowledged that he knew of the potential conflict of interest with Prosecutor Iarocci, he brought the matter to the attention of trial counsel, and he expected counsel to, inter alia, seek the disqualification of the Ashtabula County Prosecutor's Office and the appointment of a special prosecutor. Barnard would have equally been aware that, at the time he entered his guilty pleas, trial counsel had failed to take any action with respect to Iarocci's prior representation. Despite counsel's failure, Barnard knowingly, intelligently, and voluntarily entered the pleas. As evidenced by the transcript of the plea hearing:

> The Court: Are you satisfied with your lawyer?
>
> Barnard: Yes, sir.
>
> The Court: Has he answered all of your questions?
>
> Barnard: Yes, sir.
>
> The Court: Has he done everything that you've asked him to do that he's legally and ethically permitted to do?
>
> Barnard: Yes, sir.
>
> The Court: Have you had enough time to talk to him about this plea agreement?
>
> Barnard: Yes, sir.
>
> The Court: Do you need any more time?
>
> Barnard: No, sir.

{¶21} Accordingly, the fact that Barnard could not raise his ineffective assistance claim on direct appeal without evidence *dehors* the record is immaterial for the application of *res judicata*. The alleged ineffective assistance of trial counsel had no bearing on the voluntary and intelligent character of the guilty pleas. By so pleading and not raising the issue before the trial court when given the opportunity to do so, Barnard has waived the right to raise the issue in postconviction proceedings. *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus (*res judicata* bars a defendant "from raising and litigating in any proceeding except an appeal

from that judgment, any defense or any claimed lack of due process that was raised
or could have been raised by the defendant at the trial").

*Barnard*, 2019 WL 2419407, at *3-4.

This Court must defer to the Eleventh District's interpretations of Ohio law. *See Bradshaw
v. Richey*, 546 U.S. 74, 76 (2005); *Estelle*, 502 U.S. at 67-68. Similarly, because the Eleventh
District's determination that Mr. Barnard knowingly, intelligently, and voluntarily pled guilty is
not contrary to, nor an unreasonable application of, clearly established federal law, the
determination is entitled to AEDPA deference.

I defer to the Eleventh District's reasoned opinion and conclude Mr. Barnard's plea was
knowing, intelligent, and voluntary. Indeed, Mr. Barnard's argument his conviction violated his
Fourth, Fifth, Sixth, and Fourteenth Amendment rights is not persuasive for the reasons set forth
below.

Although Fourth Amendment rights are not among the trial rights necessarily waived when
a defendant knowingly and voluntarily pleads guilty, the validity of a conviction arising from a
guilty plea cannot be tainted by an alleged Fourth Amendment violation because the conviction in
no way rests on evidence that may have been improperly seized. *Haring v. Prosise*, 462 U.S. 306, 321
(1983). The conclusion that a Fourth Amendment claim ordinarily may not be raised in a habeas
proceeding following a plea of guilty is based not on the notion of waiver, but on the simple fact
that the claim is irrelevant to the constitutional validity of the conviction. *Id.* Fifth Amendment
rights, by contrast, are waived by a voluntary guilty plea. *Boykin*, 395 U.S. at 243.

Mr. Barnard's Sixth Amendment right to effective counsel is, of course, not waived by his
plea. To establish ineffective assistance of counsel, a habeas petitioner must show that counsel's
performance was so far below acceptable standards of representation and that counsel committed

such serious error that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. A petitioner also has the burden to prove affirmatively that counsel's deficient performance prejudiced the defense to such an extent that it rendered the proceeding fundamentally unfair. *Id.*

To establish prejudice, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Because a petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the court determines that a petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

Mr. Barnard has not shown that his trial attorney's performance was deficient or unreasonable, particularly when his trial counsel's performance is not unconstitutionally deficient for failing to raise meritless claims. Mr. Barnard has not established that he would not have pled guilty and would have insisted on going to trial but for his attorney's failure to attempt to disqualify Prosecuting Attorney Iarocci. Likewise, Mr. Barnard has not established actual prejudice, particularly when the trial court imposed a sentence consistent with a joint recommendation from the parties.

Finally, with respect to his Fourteenth Amendment claim, Mr. Barnard's trial was not fundamentally unfair in violation of the Due Process Clause. Fundamental fairness under the Due Process Clause is judged as to whether "the action complained of violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency.'" *Dowling v. United States*, 493 U.S. 342, 352

(1990). The Supreme Court has "defined the category of [such trial court] infractions that violate 'fundamental fairness' very narrowly." *Id.*

Mr. Barnard argues the conflict of interest and his subsequent conviction "caused egregious circumstances when [he] was not allowed to fully litigate or present his claims in the State courts. This instant matter is so egregious that it shakes the very foundation of our justice system, thereby no American citizen would have faith in the judicial outcome herein." (ECF #1-1 at PageID 24).

Mr. Barnard's argument asserts constitutional violations in a perfunctory manner, unaccompanied by any effort at a developed argumentation, leaving the argument waived. *See Northland Ins. Co.*, 327 F.3d at 452. Even still, the Eleventh District considered and rejected his fundamental fairness claim because it was clear Mr. Barnard knew of the conflict at the time of his plea and still pled guilty:

> {¶ 7} On June 22, 2018, the trial court issued a Judgment Entry, dismissing the Petition on the grounds that "the doctrine of res judicata bars Defendant from raising these arguments in the present petition":
>
>> Defendant states that Prosecutor Nicholas Iarocci was once his trial attorney. He believes he was treated unfairly by the Prosecutor's Office because of this relationship. However, Defendant, who was represented at all times, did not raise this issue at trial or on appeal. At the time he entered a plea of guilty Defendant was aware that Nicholas Iarocci once represented him. Defendant also knew that Nicholas Iarocci was his former attorney [when he] filed his appeal. In other words, it is not newly discovered evidence. Any argument based upon Nicholas Iarocci's former representation of Defendant needed to be raised at trial or on direct appeal.

*Barnard*, 2019 WL 2419407, at *1.

Ultimately, Mr. Barnard knew at the time of his guilty plea the asserted conflict with the prosecutor existed and, with that knowledge and the assistance of counsel, still chose to plead

guilty. In his post-conviction proceedings, he argued the conflict of interest again, which the Eleventh District dismissed because by not raising the issue before the trial court when given the opportunity to do so, Mr. Barnard waived the right to raise the issue in postconviction proceedings. Because he did not raise the issue at the time of his guilty plea, it was subsequently barred by res judicata.

Mr. Barnard has not shown that his conviction resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d). He failed to meet his burden of rebutting, by clear and convincing evidence, the presumption the state court correctly determined the factual issues. 28 U.S.C. § 2554(e)(1). For these reasons, Mr. Barnard has failed to meet the requirements under AEDPA and, if his Petition is considered on its merits, I recommend it be **DENIED**.

### CERTIFICATE OF APPEALABILITY

A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability (COA) and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has determined a petitioner's constitutional claim to be without merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* A showing that the appeal would succeed on the claim is not required to grant a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Mr. Barnard has not made a substantial showing of the denial of any constitutional right. Jurists of reason would not find it debatable whether the two grounds for relief are valid claims of the denial of constitutional rights. Similarly, no procedural ruling appears to be in error. Therefore, I recommend the District Court not grant Mr. Barnard a certificate of appealability with respect to any ground.

## CONCLUSION AND RECOMMENDATION

Mr. Barnard's Petition presents claims that are not cognizable in federal habeas. Even if they were, they are procedurally defaulted and he has presented no basis to excuse that default. Finally, if considered on their merits, his claims for relief fail.

Accordingly, I recommend the District Court **DISMISS** Mr. Brown's petition in its entirety. Alternatively, if the District Court considers his Petition on its merits, I recommend the District Court **DENY** any relief. Finally, I recommend the District Court **DENY** a Certificate of Appealability for all grounds for relief.

Dated: June 28, 2023

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

<u>Objections, Review, and Appeal</u>

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).